# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**vs.**

**ROSEMARY BARNES,**

**Defendant.**                         **No. 10-CR-30041-DRH**

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

On November 5, 2010, the Court sentenced Barnes to 71 months imprisonment for distribution of crack cocaine in violation of 21 U.S.C. §§ 841(2)(1) and 841(b)(1)(C) (Doc. 35) and the Clerk of the Court entered Judgment reflecting the same on November 8, 2010 (Doc. 38). On November 17, 2011, Barnes sent a letter which the Court construed as a motion for reduction of sentence based on the Fair Sentencing Act and U.S.S.G. Amendment 750 (Doc. 47). The Court appointed counsel to represent Barnes on the issue of a sentencing reduction in light of the amendments to the United States Sentencing Guidelines, and counsel has now moved to withdraw on the basis that he can make no non-frivolous arguments in support of a reduction pursuant to 18 U.S.C. § 3582(c) (Doc. 55). *See Anders v. California*, 386 U.S. 738, 744 (1967). Thereafter, the Court allowed Barnes leave to file a response to the motion to withdraw; which she did so on February 20, 2013 (Doc. 57). In this response, Barnes states that she understands counsel's motion to withdraw based on the

fact that she was sentenced pursuant to the current version of the Sentencing Guidelines that incorporated the crack reductions but that she does not understand why she did not get a reduction for acceptance of responsibility.

Section 3582(c)(2) of Title 18 allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. If the defendant cannot satisfy the first criterion, the Court has no subject matter jurisdiction to consider the reduction request. *United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008); *see United States v. Forman*, 553 F.3d 585, 588 (7th Cir.), *cert. denied sub nom McKnight v. United States*, 129 S.Ct. 1924 (2009).

Barnes is not entitled to a further reduction of her sentence because she cannot satisfy the first criterion of that statute; she was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. §

3582(c)(2). Here, Barnes was sentenced under the guidelines in the Fair Sentencing Act. The Court applied the 2010 Sentencing Guideline Manual at her sentencing, thus, she already received the benefit of Amendment 750. Clearly, she cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction. Further for clarification as to acceptance of responsibility issue, the Court notes that Barnes did not receive a reduction for acceptance of responsibility at her sentencing. As stated during the sentencing, the Court found that Barnes was not entitled to acceptance of responsibility because she wrote the undersigned a letter disavowing culpability for the offense which caused her to be ineligible for acceptance of responsibility.

Accordingly, the Court **GRANTS** counsel's motion to withdraw (Doc. 55) and **DISMISSES for lack of jurisdiction** Barnes' motion for a sentence reduction (Doc. 47).

**IT IS SO ORDERED.**

Signed this 20th day of February, 2013.

Digitally signed by David R. Herndon
Date: 2013.02.20 15:21:37 -06'00'

**Chief Judge**
**United States District Court**